UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2015

David J. Bradley, Clerk

| | |
|---|---|
| Joel Cardenas-Meneses<br>48474-179<br>Federal Correction Complex<br>P.O. BOX 5888<br>Yazoo City, MS 39194<br><br>v.<br><br>Anibal J. Alaniz, AUSA/DOJ<br>Mr. Lozano, ICE, agent<br>Mr. Gaytan, ICE agent<br>Mr. Pacheco, DPS agent<br>Eric Holder, U.S.Attorney Gen;<br>John Doe 1 ICE Agent;<br>Jane Doe 2 ICE AGENT;<br>DEFENDANT"S | Civil Action Number:<br>M-15-319<br><br>Honorable Judge:<br><br>"Jury Trial Demand"<br>Date: February 10    2015<br><br>'Bivens/42 U.S.C. §1983/28<br>U.S.C. §1331 Federal Questions<br>28 U.S.C. §1350/Article 36<br>Civil Action' |

PLAINTIFF CARDENAS COMPLAINT/AFFIDAVIT/ SUMMONS AGAINST THE ABOVE DEFENDANT IN THEIR INDIVIDUAL CAPACITIES FOR DECLARATORY, INJUNCTIVE, PUNITIVE & MONETARY RELIEF UNDER BIVENS V. SIX UNKNOWN NAMED AGENTS OF THE FEDEAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971), TITLE 42 § 1983, 28 U.S.C. §1331 (FEDERAL QUESTION) 28 U.S.C. § 1350 AND ARTICLE 36 OF THE VIENNA CONVENTION ON CONSULAR RELATIONS

I. Preliminary Statement

This is a civil rights Bivens & Section 1983 Action Complaint against the above specifically named Defendants in their individual capacities for Declaratory, Injuctive, Punitive, and Monetary Relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), Title 42 § 1983, 28 U.S.C. §§ 1331

& 1350, filed by Plaintiff: Cardenas, alleging violations of his right to consular Relations, Apr. 24, 1963, 21 Statute (ATS) 21 U.S.T. 77, 596 U.N.Y.S. 251 Provided a vehicle for the alien's claim. No. 6820, 596 U.N.Y.S. 261.

Also in violation of First Amendment's Freedom of Speech, Fifth Amentment's Due Process & Access to the Courts, Eight Amendment's Cruel & Unusual Punishment & 14th Amendment's Equal Protection Clauses of the United States Constitution.

Cardenas seeks Relief in the form of a Preliminary Injunction, Declaratory, Punitive and Monetary Relief in the sum of 1,000,000,00. dollars From each of the above specifically named Defendants in their individual capacities from Defendants: <u>Mr. Gaytan, ICE Supervisor of Homeland Security, Mr. Pacheco, DPS agent: MR. Lozano , ICE, Alaniz, AUSA.</u>

The John and Jane Does 1-20, are currently unknown Defendants whom maybe discovered during the discovery process via: Court Ordered under Fed. R. Civ. P. Rules 26-37.

Cardenas also seeks Remedial Damages, Actual Damages, Declaratory Judgment & Punitive Awards. Cardenas Demands a Jury Trial.

## II. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 (Federal Questions) and 28 U.S.C. Section 1343(a)(3) & under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), Title 42 U.S.C. §1983 & 1983 & under Article 36 of the Vienna Convention on Consular Relations, Apr. 24,

1963, 21 Statute (ATS) , 28 U.S.C.S. §1350, 21 U.S.T. 77, 596 U.N.T.S. 251 Provides a vehicle for the alien's claim. See also Treaty NO. 6820, 596 U.N.T.S. 261.

GROUND ONE: Defendant <u>Gaytan</u>, violated Article 36 for failure to notify of the Vienna convention Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, U.N.T.S 261. Jurisdiction under 28 U.S.C.S. §1331 & Alien Tort Statute (ATS), Violated the 14th, 5th, 8th, 4th, Amendment for false arrest, denial of due process of law

<u>Supporting Facts</u>: MR.GAYTAN, did not inform me or June 2007 after being Stop unlawful without without Proble Cause; failed to notify <u>Cardenas</u>, his right to consult with his Embassy and right's under Article 36 of the Vienna Convention on Consular relations And arrested under false charges.

GROUND TWO: <u>MR.Lozano</u>, ICE agent violated due process of law, Article 36 for failure to notify and inform other defendant's that they fail to notify of the vienna convention on Consular Relations, Apr 24, 1963, 21 U.S.T. 77, U.N.T.S. 261. Jurisdictional under 28 U.S.C.S. §1331 3 Alien Tort Statute (ATS); 28 U.S.C.S. §1350 Title 42 section 1983 violated the 14th, 5th, 8th, 4th, Amendment for false arrest, denial of due process of law.

<u>Supporting Facts</u>: MR.LOZANO, did not inform me nor the other agents that I wasn't inform of my rights; and had knowledge that I was being arrested for false charges and fail to correct or attempt to correct the wrong

Ground Three: MR.Pacheco, DPS violated the Due Process clause, Article 36 for failure to notify of the Vienna convention on consular Relations, Apr. 24, 1963, 21 U.S.T. 77, U.N.T.S. 261. Jurisdiction under 28 U.S.C.S. §1331 3 Alien Tort Statute (ATS) 28 U.S.C.S. §1350; Title 42 Section 1983. Violated the 14th, 5th, 8th, 4th, Amendment for false Arrest, denial of due process of law

Supporting Facts: MR.Pacheco, had knowledge that the charges against me were false and that I wasn't afforded the right to probable cause and fre from false detention; and stood by and failed to stop and correct defendant's wrong.

Ground Four: Anibal J. Alaniz, A U S A/ Doj violated clearly establish constitution Laws of due process by knowing plaintiff Joel Cardenas Meneses had been falsely arrested and not inform of Article 36 for failure to notify- of the vienna convention on consular Relations, Apr. 24, 1963, 21 U.S.T. 77, U.N. S.O. 261 Jurisdiction under 28 u.s.c.s. §1331 3 Alien Tort Statute (ATS) 28 U.S.C.S. §1350; Title 42 section 1983. violated the 14th, 5th, 8th, 4th, Amendment for false arrest, denial of due process, false imprisonment.

Supporting Facts: Anibal J. Alaniz, A U S A / Doj knew that the agents did not have probable cause to arrest him. And they fail to notify him of his rights. Alaniz, failed to dismiss charges and release plaintiff from false imprisonment. Defendant Alaniz, had the authority to dismiss and correct the wrong but fail to do so.

4

Here Plaintiff Joel Cardenas- Meneses State a claim that raise to relief above the speculative level. "Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

Ground Five: Eric Holder violated clearly establish Constitution Laws of due process of failing to correct the wrong of false arrest; and the failure to notify under Article 36 under the 8th, 14th, and 4th, and 5th Amendment.

Supporting Facts: Eric Holder receive documentation of notice of charges against plaintiff and the record revealed that plaintiff had been detain unlawfully and he failed to correct the wrong.

Ground Six: John Doe unlawfully detained plaintiff by false detaining him on false charges and fabricated evidence violating the 14th, 8th, 5th, 6th, Amendment.

Supporting Facts: Jane Doe knew that he had unlawfully detained plaintiff by transfering him to (F.D.C.) Houston, TX--- obtain plaintiff from MR.Lozano ICE agent from McAllen Texas to Houston, TX and fail to correct a wrong.

Ground Seven: John Doe unlawfully detained plaintiff from MR.= Lozano ICE agent violating the 14th, 5th, 8th, and 14th Amendment John Doe violated these well- estanlish rights and fail to correct a wrong

Supporting Facts: John Doe knew that he had unlawfully detained plaintiff from MR.Lozano ICE agent violating the 14th, 5th,8th,and 14th, Amendment.

1963, 21 Statute (ATS), 28 U.S.C.S. §1350, 21 U.S.T. 77, 596 U.N.T.S. 251 provides a vehicle for the alien's Claim. See also Treaty, No. 6820, 596 U.N.T.S. 261.

### III. Parties

[1] <u>Plaintiff: Joel Cardenas-Meneses</u>, is a Federal Prisoner currently being housed at FCI Yazoo City Mississippi (Med).

[2] <u>Defendant: Anibal J. Alaniz,</u> is an Assistance U.S. Attorney for the Southern District of Texas with the U.S. Department of Justice & is served this Complaint/Summons to him at: <u>United States Attorney's Office Southern Disstrict of Texas McAllen Divisions, 1701 W. Bus. HWY. 83 STE 1011, Texas 78501.</u>

This Defendant is being sued in his individual capacity.

[3] Defendant Mr. Eddie Lozano, is a (ICE) agent with the U.S. Department of Justice, & is served this Complaint/Summons to him at: U.S. ICE Office McAllen, Texas. This Defendant is being sued in his individual capacity.

[3a] Defendant: Mr. Gabriel Gaytan is a ICE agent within the DOJ and is served this complaint/summons to him at: McAllen Texas.

[3b] Defendant: Mr. Danny Pacheco is a DPS agent in MsAllen, Texas Office.

[4] Defendants: John & Jane Does 1-20, are currently unknown defendants. Once their indentites are known through the discovery process under Fed. R. Civ. P. Rules 26-37, this Complaint will be amended with their names.

These Defendants will be served this Complaint/Summons at their

6

discovered addresses. These Defendants will be sued in their individual capacities.

## Background

On February 8, 2011, Cardenas arrived at San Salvador Airport in a flight coming from Mexico City.

While Cardenas was approached by one person whom claimed he was the Director of the Airport & another person said he was the manager of the Continential Airlines at the Salvador Airport. They told Cardenas to take the flight to Mexico but through Houston, Texas. Cardenas stated that he needed to speak to his Mexican Consulate, because he don't have the proper papers & cannot legally go to Houston, Texas. But they told him everything was legal and fixed and they gave him a ticket to Houston, Texas and another one from Houston to Mexico.

Carnenas objected once again and refused to walk on the plane, but was physically by force carried by four men onto a plane which arrived in Houston, Texas which Defendant: Lozano, ICE agent asked him to confess which Cardenas stated there was nothing to confess about.

Cardenas once again demanded to see the Mexican Consulate and once again was refused by Defendant: Losano Cardenas at that point was arrested.

[6] On or about __June 2005__, defendant: <u>Mr. Gaytan, ICE agent, Mr. Pacheco, DPS agent; Mr. Lozano, ICE agent</u>, and others known and unknown initiated the investigation on __February 2011__

Note: as seen in paragraph 14 supra, after Cardenas was arrested at no time did any of the Law Enforcemetnt Defendants, supra ever notify the Mexican Consulate of Cardenas' arrest and or inform Cardenas of his right to communicate with his Consulate under its Tready.

[7] Plaintiff: Cardenas was not informed of his Vienna Convention Rights By the Defendants and the United States Government and by the State of Texas and States Defendants as the Public Records so Supports During the time of his arrest.

On <u>February 2011</u>, Plaintiff: Cardenas was stopped by the Defendants: <u>Mr. Gaytan , ICE agent; MR. Pacheco, DPS agent, MR. Lozano ICE agent: Anibal Alaniz, AUSA, et al.</u>, and others failed to notify that Cardenas has right to consult with his Embassy and or Consular notification right under Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, U.N.Y.S. 261.

The District Court has jurisdiction under 28 U.S.C.S. § 1331 (Federal Questions), and the ALIEN Tort Statute (ATS), 28 U.S.C.S. § 1350.

And under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and via: Title 42 Section 1983, to hear this case. See also Vienna Convention issues decided

by the Supreme Court has spoken on the subject albeit in the context of the availability of certain remedies in criminal proceedings and the applicability of the normal rules or procedural default.

See Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 165 L.Ed.2d 557 (2006).

No state or Federal Official in Cardenas case has ever advised Cardenas of his right under the Vienna Convention to contact the Mexican Consulate for assistance, nor did any Assistant U.S. Attorney and of Assistant District Attorney or anyone from the Department of Justice ever contacted the Mexican Consulate on the **Defendants** supra own initiative on behalf on Cardenas.

28 U.S.C. Section 1331 (Federal Question) and ATS, 28 U.S.C. § 1350, which establishes jurisdiction in the district courts over a civil action by an Alien (Plaintiff: Cardenas) for a tort committed in violation of a Treaty of the United States. See generally Sosa v. Alvarez-Machain, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004). The district court found that the state officials had violated the Vienna Convention

The ATS, as the Supreme Court held in Sosa v. Alvarez-Machain, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004), grants jurisdiction to the Federal Courts to hear suits brought by Aliens (such as Cardenas) for torts either in violation of the law of nations or in violation of a Treaty of the United States.

This Court can entertain this instant civil action concerning whether the failure of the **Defendants**, both State & Federal agents failure of the law enforcement Officers here to inform Cardenas of the right to Consular Notification provided by **Article 36 of the Vienna Convention** was the kind of "tort" in violation of a Treaty

9

of the United States that Section 1350 covers. Either was Cardenas also presents that jurisdiction under 28 U.S.C. Section 1331 (Federal Question) is enough to secure a valid jurisdiction claim.

In Cardenas's instant civil action is also under; Title 42 Section 1983, this well known statute says that:

"[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person (Cardenas), within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party (Cardenas) injured in an action at law, suit in equity or other proper proceeding for redress." (Emphasis added.)

Beyond that, the Supremacy Clause of the Constitution makes the "Constitution, and the laws of the United States and all Treaties made" the Supreme Law of the Land. U.S. Const., Art. VI, Cl. 2.

See also Edye, 112 U.S. 580, 598, 5 S.Ct. 247, 28 L.Ed. 798, Treas. Dec. 6714 (1884) ("[A] Treaty may contain provisions which confer rights upon the citizens or subjects of the one of the nations residing in the territorial limits of the other, which partake of the nature of municipal law....").

Section 1983 is a Statute that was designed to be a remedy "against all forms of official violation of Federally protected rights, "Monell v. Dep't of Soc. Servs., 436 U.S. 658, 700-01, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), when those violations are committed by State Actors.

The Defendants: Gabriel Gaytan, ICE agent; Mr. Donnie Pacheco DPS of Texas agent, Eduardo Lozano, ICE agent. Anibal Alaniz, AUSA

John & Jane Does, authorities of the receiving State shall, without delay, inform the Consular Post of the sending State if, within its Consular District, a national of that State is arrested or committed to prison or to custody pending trial or is detained in

any other manner.

Any communications addressed to the Consular Post by the person arrested, in prison custody or detention shall also be forwarded by said authorities (Defendants, supra in Cardenas), without delay.

The said authorities <u>(Defendants supra in Cardenas)</u>, shall inform the person Cardenas concerned without delay of his rights under this sub-paragraph; (c) Consular Officers shall have the rights to visit a national (Cardenas) of the sending State who is in Prison, custody or detention, to converse and correspond with him (Cardenas) and to arrange for his legal representation.

The said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under Article are intended, Vienna Convention, Ark. 36 (emphasis added).

Among other requirements, this provision instructs authorities **Defendants in Cardenas, supra** of a receiving State to notify an arrested national of his rights (Cardenas's rights) under the Convention "without delay." Id. at P 1(b).

In Cardenas, not only did the **Defendants supra** did not notify him of his rights to Vienna Convention Consular, but Cardenas, specifically requested to call & or notify his Vienna Convention-Consulate and was denied this right. See Exhibit: Cardenas's Affidavit on Public Record.

See also United Nations (UN) Conference on Consular Relations: Official Records, at 37, 38, 84, 85, 331-34, U.N. Doc. A/Conf. 2 5/6, U.N. Sales. No. 63.X.2 (1963). The United States, in particular, proposed language intented to "protect the rights of the national concerned." Id., at 337.

11

In short, "the 'legislative history' of the Treaty supports the interpretation that **Article** 36 was intended to confer individual rights on foreign nationals (Cardenas)." [Mark J.] Kadish, [Article 36 of the Vienna Convention on Consular Relations: A Search for the Right to Counsel,] 18 Mich.J.Int'l L. [565], at 599 [(1997)], Standt, 153 F.Supp.2d at 425-26.

When the United States Senate gave its advice and consent to the ratification of the Vienna Convention in 1969, 115 Cong. 30997 (by a vote of 81 to 0), the Convention became the Supreme Law of the Land," binding on the States, U.S. Const., art VI, Cl.2.; see Whitney v. Robertson, 124 U.S. 190, 194, 8 S.Ct. 456, 31 L.Ed. 386 (1888) ("By the Constitution, a Treaty in-placed on the same footing and made of like obligation with an act of legislation."); Breard v. Greene, 523 U.S. 371, 376, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998) (per curiam (stating that Treaties are "on a full parity" with acts of Congress)(citing Reid v. Covert, 354 U.S. 1, 18, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957) (plurality opinion)).

**Plaintiff: Cardenas's Instant Civil Action Is Not Barred Under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)**

See Supreme Court's recent decision in Wallace v. Kato, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), makes it clear that **Heck** does NOT bar this action in Cardenas, supra.

**[9] The United States U.S. Attorney for the Southern District of Texas McAllen Division & United States Attorney General Eric Holder also failed to inform Cardenas's Mexican Consulate within 24 hours of Cardenas's arrest on February 9, 2011**

Failure for the United States Attorney for the Southern District of Texas, McAllen Division & the United States Attorney General

12

Eric Holder to inform Cardenas of his rights under Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 Statute (ATS), 21 U.S.T. 77, 596 U.N.T.S. 251 provided a vehicle for the Alien's claim. No. 6820, 596 U.N.T.S. 261 TREATY between the United States & Mexico, violated Cardenas's substantial rights, as seen supra.

[10] The **Defendants**, supra represent the United States of America is a signitory to the Vienna Convention.

[11] Therefore, it is the duty of all of the **Defendants**, supra & the United States Government to insure that the State of Texas and its **Defendants** Officials are complying with the terms of the Vienna Convention.

[12] Moreover, it is the duty of the **Defendants**, supra & the United States Government to inform Cardenas of his Vienna Convention Rights.

[13] Cardenas, states under the penalties of perjury that none of the above specifically named **Defendants** inform him of his rights under the Vienna Convention at the time of arrest, as they were suppose to do.

[14]     Relief Requested

A. <u>Issue a Declaratory Judgment</u>: declaring that Defendants: <u>Gabriel Gaytan, ICE agent; Mr. Donnie Pacheco DPS of Texas, Eduardo Lozano, ICE agent. Anibal Alaniz, AUSA</u> several John & Jane Does 1-20, actions & inactions constituted violations of the 1st, 5th, 6th, 8th & 14th Amendments of the U.S. Constitution & Cardenas's Freedom of Speech, Due Process, Access to the Courts & **Article 36** of the Vienna Convention on Consular Relations.

13

B. <u>Award Compensatory Damages:</u> in the following amount of $1,000,000,00 dollars against each of the Defendants: <u>Mr. Gaytan ICE agent; Mr. Pacheco, DPS agent; Mr. Lozano, ICE agent; Alaniz</u> and several John and Janes Does 1-20 for the physical and psychological injuries sustained as a result of Cardenas' sufferings from the unlawful, unconstitutional and improper actions of the defendants, supra.

C. <u>Award Punitive Damages:</u> against Defendants: <u>Mr. Gaytan,</u> ICE agent; Mr. Pacheco, DPS agent; Mr. Lozano, ICE agent; Alaniz and several John and Jane Does 1-20 in their individual capacities in the amount of $1,000,000,00 against each of the above specifically described defendants for conspiring against Cardenas' Mexican Consulate of his arrest within 24 hours for failing to notify the Mexican Consulate of Cardenas' arrest within 24 hours with his Mexican Consulate concerning Article 36 of the Vienna Convention on Consular Relations Treaty.

D. <u>Order</u>, Plaintiff: Cardenas and the Defendants to conduct a discovery under Fed. R. Civ. P. Rules 26-37.

E. <u>Order</u>, Appointment of counsel for Plaintiff: Cardenas;

F. <u>Deem</u>, this complaint as filed under Hughes v. Rowe, 449 U.S. 5, 9, 66 L.Ed 2d 163, 101 S.Ct 173 (1980)(Per Curiam); Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)(Per Curiam); Lema v. United States, 987 F.2d 48, 54, n.5 (1st Cir. 1993), that this Court has a duty to contrue Pro-se submissions with liberality.

G. <u>Deem</u>, credibility determinations are jury functions, NOT

14

those of a judge..." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Rule v. Brine, Inc., 86 F.3d 1002, 1011 (2d-Cir.1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, NOT for the Court.").

H. **ORDER**, the above articulating factual context of this case to adhere to the axiom that in ruling on a motion for Summary Judgment, "[t]he evidence of Cardenas's complaint is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986);

See also Tolan v. Cotton, (No.13-551) (Supreme Court May 5, 2014);

I. **ORDER**, a Jury Trial under the Speedy Trial Act of 1974, and or in the alternative, **Order**, all parties to discuss via: Telephonically a potential prompt diligent out of court settlement under Fed.R.Civ.P. Rule 26(f) to save both the Courts & Government's precious & scarce resources.

J. **ORDER**, what ever-else this Honorable Court deems just & proper. The above is to futher the public records & the administration of justice.

Signed unser 28 U.S.C. Section 1746, under the penalties of perjury the above & the following to be true, correct & complete.

                    Respectfully Submitted By
                    Plaintiff/Claimant/Affiant:

                    Joel Cardenas-Meneses
                    48474-179

## CERTIFICATE OF SERVICE

I, Plaintiff: Cardenas, hereby certify that this affidavit in support of my complaint, was sent via: United States Mail/Postage Prepaid on this 10 day of February 2015, to the following:

Clerk of Court
Clerk's Office
U.S. District Court
United States Courthouse
Southern District of Texas
McAllen Division
1701 W. Bus. HWY 83
STE 1011
McAllen, Texas 78501

Defendant: Special Agent Eduardo Lozano
Agent of Homeland Security Investigations
2301 S. Main St.
McAllen, Texas 78503

Defendant: AUSA: Anibal J. Alaniz
U.S. Attorney's Office
1701 West Business HWY 83
Suite 6000
McAllen, Texas 78501

Defendant: Gabriel Gayton,
Group Supervisor of Homeland Security Invest.
2301 S. Main St.
McAllen, Texas 78503

U.S. Attorney General
U.S. Attorney General's Office
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20534

U.S. Attorney
U.S. Attorney's Office
Southern District of Texas
McAllen Division
1701 W. Bus. HWY 83
McAllen, Texas 78501

_____
Joel Cardenas-Meneses